IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-00516-SKC

S.W.,

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

## OPINION & ORDER

This action is before the Court under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, for review of the Commissioner of Social Security's ("Commissioner" or "Defendant") final decision denying Plaintiff S.W.'s[1] application for disability insurance benefits (DIB). The Court has carefully considered the parties' briefs, the social security administrative record, and applicable law. No hearing is necessary. Because substantial evidence in the record does not support the medium work restrictions (specifically, the lifting and carrying restrictions) in the residual functional capacity findings, the Court reverses the Final Decision and REMANDS for additional proceedings.

---

[1] This Opinion & Order identifies Plaintiff by initials only per D.C.COLO.LAPR 5.2.

1

## BACKGROUND

This action arises from Plaintiff's application for DIB under the Social Security Act claiming she became disabled beginning April 1, 2018. Plaintiff first appeared at a telephonic administrative law hearing on February 25, 2022, before Administrative Law Judge Bryan Henry (ALJ), and where she was represented by attorney Chelsea Witherspoon. After a remand order from the Appeals Council, Plaintiff and her attorney appeared at a second hearing before the ALJ on October 4, 2022. AR: 12.

The ALJ issued his written Decision on November 1, 2022. Dkt. 8-2; AR: 12-22.[2] He determined Plaintiff had not been under a disability from April 1, 2018, through the date of the Decision. Plaintiff then requested review by the Appeals Council, which denied her request, and in doing so, the ALJ's Decision became the Final Decision of the Commissioner of Social Security. 20 C.F.R. § 404.981; *Nelson v. Sullivan*, 992 F.2d 1118, 1119 (10th Cir. 1993) (citation omitted). Plaintiff then timely filed this action. The Court has jurisdiction to review the Final Decision under 42 U.S.C. § 405(g).

## DIB FRAMEWORK

A person is disabled within the meaning of the Social Security Act "only if [her] physical and/or mental impairments preclude [her] from performing both [her]

---

[2] The Court uses "Dkt. __" to refer to specific docket entries in CM/ECF and uses "AR: __" to refer to documents in the administrative record. The administrative record may be found at Dkt. 9.

previous work and any other 'substantial gainful work which exists in the national economy.'" *Wilson v. Astrue*, No. 10-CV-00675-REB, 2011 WL 97234, at *1 (D. Colo. Jan. 12, 2011) (citing 42 U.S.C. § 423(d)(2)). "The mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months." *Id.* "[F]inding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can hold whatever job he finds for a significant period of time." *Fritz v. Colvin*, 15-cv-00230-JLK, 2017 WL 219327, at *8 (D. Colo. Jan. 18, 2017) (emphasis original) (quoting *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994)).

The Social Security Regulations outline a five-step process to determine whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made based on the claimant's age, education, work experience, and residual functional capacity.

*Wilson*, 2011 WL 9234, at *2 (citing 20 C.F.R. § 404.1520(b)–(f)); *see also* 20 C.F.R. § 416.920; *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). Impairments that meet a "listing" under the Commissioner's regulations (20 C.F.R. § Pts. 404 and 416, Subpt. P, App. 1)[3] and a duration requirement are deemed disabling at Step Three with no need to proceed further in the five-step analysis. 20 C.F.R. § 416.920(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step."). Between the Third and Fourth steps, the ALJ must assess the claimant's residual functional capacity (RFC). *Id.* § 416.920(e). The claimant has the burden of proof in Steps One through Four. The Commissioner bears the burden of proof at Step Five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

---

[3] Throughout this Opinion, while the Court may cite relevant sections of Part 404 of Title 20 of the Code of Federal Regulations (which contain the Commissioner's regulations relating to disability insurance benefits), identical, parallel regulations can be found in Part 416 of that same title, relating to supplemental security income benefits. This Opinion & Order refers to both parts interchangeably.

4

The ALJ's Decision tracks the five-step process. At Step One, he found Plaintiff had not engaged in substantial gainful activity (SGA) from the alleged onset date. AR: 14. At Step Two, he found Plaintiff has the following severe, medically determinable impairments: degenerative disc disease of the lumbar spine; osteoarthritis in the bilateral knees; chronic obstructive pulmonary disease; and emphysema. *Id.* at 15. At Step Three, he found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 17. He then found Plaintiff has the RFC

> to perform medium work as defined in 20 CFR 404.1567(c) except [t]he claimant can occasionally lift and carry 50 pounds and frequently 25 pounds. The claimant can sit for approximately six hours in an eight-hour day, and stand and walk approximately six hours in an eight-hour day. She can frequently climb ramps and stairs, and occasionally climb ladders, ropes, or scaffolds. She can frequently balance as part of her job requirements and frequently stoop, crouch, kneel, and crawl. The claimant can have occasional exposure to fumes, odors, and/or irritants. She can occasionally work around unprotected heights or moving and/or dangerous machinery.

*Id.* at 17.

At Step Four, the ALJ determined Plaintiff had no past relevant work because her earnings never exceeded the threshold for SGA. *Id.* at 21. And at Step Five, he found there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform such as kitchen helper (SVP 2, medium), cook helper (SVP 2, medium), and hospital cleaner (SVP 2, medium). *Id.* at 21-22. Accordingly, the ALJ determined Plaintiff was not under a disability during the relevant period. *Id.* at 22.

## STANDARD OF REVIEW

In reviewing the Commissioner's Final Decision, the Court's

> review is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is more than a scintilla, but less than a preponderance.

*Lee v. Berryhill*, 690 F. App'x 589, 590 (10th Cir. 2017) (internal quotations and citations omitted, citing *inter alia Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive.").

A court may not reverse an ALJ just because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing the ALJ's decision was justified. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "We review only the sufficiency of the evidence, not its weight . . . . Although the evidence may also have supported contrary findings, we may not displace the agency's choice between two fairly conflicting views." *Lee*, 690 F. App'x at 591-92. Nevertheless, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992) (internal citation omitted). A reviewing court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067,

6

1070 (10th Cir. 2007). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) (internal citation omitted).

## ANALYSIS

Plaintiff argues one issue only: "The ALJ erred in finding that [Plaintiff] would be capable of performing medium work, as this finding was inconsistent with the opinions of the medical professionals in the record, and thus not supported by substantial evidence." Dkt. 9 at p.15. Plaintiff argues the ALJ substituted his own judgment in place of the medical professionals in formulating Plaintiff's RFC. She clarifies in her reply brief that the crux of her argument is that "the ALJ failed to give proper reasoning for rejecting the medical professionals' opinions regarding the amount of weight [Plaintiff] can lift and/or carry, in favor of his own unsupported finding that [Plaintiff] can lift up to fifty pounds[.]" Dkt. 11 at p.1. For its part, Defendant raises a host of arguments which may be summarized as the ALJ's findings were supported by substantial evidence and he was not required to adopt any particular medical opinion or prior administrative medical finding. Dkt. 10 at p.6.

The issue arises from the ALJ's treatment of two medical opinions and his subsequent RFC finding that Plaintiff can perform medium work and occasionally lift and carry 50 pounds, and frequently lift and carry 25 pounds. Dkt. 17; 20 C.F.R. § 404.1567(c) ("Medium work involves lifting no more than 50 pounds at a time with

7

frequent lifting or carrying of objects weighing up to 25 pounds."). First, on August 21, 2021, Dr. Purta—a medical consultative examiner—examined Plaintiff and opined: "The amount of weight she should be able to lift, frequently and occasionally, is about 15-20 pounds and 15 pounds, respectively. Lifting heavier loads may exacerbate patient's lumbar pain due to her dextroscoliosis." AR: 555. Similarly, on September 15, 2021, Dr. Cylus—the medical state agency consultant—opined that Plaintiff could occasionally lift or carry 25 pounds and frequently lift or carry 20 pounds. AR: 103.

The ALJ found both opinions "not persuasive." AR: 19. He found Dr. Cylus' opinion unpersuasive because, in relevant part, the "evidence of the claimant's good findings upon exam is inconsistent with Dr. Cylus's opinion. For example, the claimant had normal strength in her upper and lower extremities, which is inconsistent with finding she could only lift and carry 25 pounds occasionally and 20 pounds frequently." AR: 19. And Dr. Purta's opinion was unpersuasive because, in relevant part, the "evidence of the claimant's grossly normal physical exams overall is inconsistent with Dr. Purta's opinion. For example, the claimant had normal strength in her upper and lower extremities, which is more consistent with finding she could lift and carry 50 pounds occasionally and 25 pounds frequently." *Id.*

Even assuming substantial evidence in the record supports the ALJ's conclusion that these medical opinions are unpersuasive for the reasons the ALJ gave, the problem is the ALJ offers no support, medical or otherwise, for finding the

Plaintiff could lift or carry 25 pounds frequently and 50 pounds occasionally. *See generally* Dkt. 8-2. He cites not one medical or other record to indicate from where he derived these lifting restrictions that exceed the opinions of two medical sources, one of whom performed a physical examination of Plaintiff.

The Tenth Circuit has repeatedly held that "there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012); *see also Terwilliger v. Comm'r, Soc. Sec. Admin.*, 801 F. App'x 614, 628 (10th Cir. 2020) (same); *Berumen v. Colvin*, 640 F. App'x 763, 766 (10th Cir. 2016) (same); *McDonald v. Astrue*, 492 F. App'x 875, 885 (10th Cir. 2012) (same). But while an RFC finding need not be supported by medical *opinion*, it must be supported by medical *evidence. Masse v. Astrue*, No. 09-cv-02079-REB, 2010 WL 3853318, at *5 (D. Colo. Sept. 28, 2010) ("Assuming *arguendo* that the ALJ properly rejected the various postural and environmental limitations suggested by the treating source opinions, his conclusion regarding plaintiff's residual functional capacity nevertheless must be based on the medical evidence."); *Talamantes v. Astrue*, No. 07-cv-01664-CMA, 2009 WL 306734, at *10 (D. Colo. Feb. 6, 2009) ("Rather, the Court reads the cases to hold that the ALJ's determination of Plaintiff's RFC must be supported by medical evidence[.]"), *aff'd sub nom.* 370 F. App'x 955 (10th Cir. 2010); *see also Mayberry v. Saul*, No. 6:20-cv-06014, 2020 WL 6390945, at *2 (W.D. Ark. Oct. 30, 2020) ("[A]n ALJ's determination concerning a claimant's RFC must be supported

by medical evidence that addresses the claimant's ability to function in the workplace.").

It is unclear what medical evidence the ALJ relied on in support of the RFC limitation of medium work because he cites none. And this Court has carefully reviewed the administrative record and found no medical evidence suggesting Plaintiff could lift or carry from 25 to 50 pounds as stated in the RFC. In finding both Dr. Cylus' and Dr. Parta's opinions unpersuasive, the ALJ never explains the medical, or other, evidence which supports the RFC for medium work lifting restrictions—he simply provides no analysis on the point *See generally* AR: 12-22. *See, e.g., Kempel v. Astrue*, No. 08-4130-JAR, 2010 WL 58910, at *8 (D. Kan. Jan. 4, 2010) (The ALJ "summarized the evidence and stated the conclusions he drew, but he did not explain why that evidence requires those conclusions, or the analysis used to reach the conclusions.").

Because the ALJ is unclear in explaining or citing the record evidence in support of the physical limitations in his RFC findings, the Court cannot conclude that substantial evidence in the record supports the decision. *See Alexander v. Barnhart*, 88 F. App'x 302, 305–06 (10th Cir. 2004) ("We cannot say that substantial evidence supports the ALJ's determination that [plaintiff] could do medium work. . . . The record is not clear as to whether [plaintiff] can perform medium work, and, thus, it appears that the record must be further developed as to this issue."); *Jagodzinski v. Colvin*, No. 12-2509-SAC, 2013 WL 4849101, at *4 (D. Kan. Sept. 11, 2013) ("The

problem with the ALJ's RFC findings is that he does not show how the evidence supports his finding that plaintiff can perform medium work. The ALJ did not cite to any medical facts or nonmedical evidence in support of his RFC finding that plaintiff can perform medium work."). And the Court is precluded from engaging in a *post hoc* effort to salvage the Final Decision, which is what Defendant's arguments in support of the RFC findings equate to.

The Court finds the ALJ's failure to identify or explain the medical or other evidence supporting the physical limitations in his RFC findings—specifically, the lift and carry restrictions—warrants remand. When remanded, the ALJ should develop the record regarding the Plaintiff's lifting restrictions, particularly, as they pertain to his RFC finding of medium work.

\*     \*     \*

For the reasons shared above, the Court finds the ALJ's RFC findings, and therefore, the Final Decision, is not supported by substantial evidence in the record. It is therefore, ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion & Order.

DATED:  February 16, 2024

BY THE COURT:

S. Kato Crews
United States District Judge

11